UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
JAMES W. ROSE, JR
TRIAL ATTORNEY
615 E. Houston, Rm. 533
San Antonio, TX 78205
Telephone: (210) 472-4640
Fax: (210) 472-4649

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JFAL HOLDING COMPANY LLC, | § | CASE NO. 20-30285-HCM |
| | § | CHAPTER 11 |
| | § | |
| | § | Hearing Date: Not Requested |
| DEBTOR. | § | |

## MOTION OF THE UNITED STATES TRUSTEE TO DISMISS CASE

This pleading requests relief that may be adverse to your interests.

If no timely response is filed within twenty one (21) days from the date of service, the relief requested herein may be granted without a hearing being held.

A timely filed response is necessary for a hearing to be held.

TO THE HONORABLE H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, KEVIN M. EPSTEIN, THE UNITED STATES TRUSTEE for Region 7 ("UST"), through the undersigned counsel, pursuant to 11 U.S.C. § 1112 and respectfully moves for an order dismissing the case and represents as follows:

**I. BACKGROUND FACTS**

1. This case was commenced upon the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code on April 8, 2021. The debtor has operated as a debtor in possession since the filing of the case.

2. The debtor has failed to file the monthly operating reports for April, May, June, and July of 2021. The UST alleges upon information and belief that the debtor currently has no cash flow.

3. The UST alleges upon information and belief that the debtor has not paid the U.S. Trustee quarterly fees due for the 2nd quarters of 2021. The UST alleges the debtor owes estimated quarterly fees of $250.

**II. THIS CASE SHOULD BE DISMISSED.**

4. Under section 1112(b) of the Bankruptcy Code, the Bankruptcy Court shall dismiss a case or convert a case to chapter 7, whichever is in the best interest of the creditors and the estate, if the movant establishes cause, unless the Court finds that a chapter 11 trustee or examiner is in the best interests of the creditors and the estate or the Court finds and specifically identifies unusual circumstances that establish that conversion or dismissal of the case is not in the best interest of creditors and the estate. 11 U.S.C. § 1112(b).

5. Here, the case should be dismissed. Timely and accurate financial disclosure is the life blood of the Chapter 11 process." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991). Because monthly operating reports are the means by which the creditors, the Court and the United States Trustee can monitor a debtor's post-petition

operations, the failure to file monthly operating reports by itself constitutes sufficient cause to warrant dismissal of this chapter 11 case or conversion to chapter 7. 11 U.S.C. § 1112(b)(4)(F); *Roma Group, Inc. v. Office of the United States Trustee (In re Roma Group, Inc.)*, 165 B.R. 779, 780 (S.D.N.Y. 1994) (failure to file monthly operating reports "undermines the Chapter 11 process and constitutes cause for dismissal or conversion"); *In re Bacon*, 52 B.R. 52, 53-54 (Bankr. N.D. Iowa 1985) (failure to file monthly operating reports is sufficient "cause" to warrant dismissal of chapter 11 case because "creditors are not being provided the basic financial data necessary to make decisions regarding their best interests"). Without the reports, the Court, UST, and creditors cannot know whether the debtor is paying its debts as they come due or whether it is generating sufficient cash flow to fund a plan of reorganization.

6. Because the debtor is not fulfilling the obligations as a chapter 11 debtor by filing monthly operating reports, the case should be dismissed. 11 U.S.C. § 1112(b)(4)(F).

7. Because the debtor has failed to pay the UST quarterly fees, the case should be dismissed. 11 U.S.C. § 1112(b)(4)(K).

8. Furthermore, the UST alleges there is cause to dismiss the case due to continuing diminution of the estate and the absence of a reasonable likelihood of rehabilitation. 11 U.S.C. §1112(b)(4)(A). This case is almost five months old, and the debtor has not proposed a plan to pay creditors. The UST alleges upon information and belief that the debtor is only involved in litigation and currently earns no income. The UST further alleges upon information and belief that the debtor is continuing to incur administrative expenses in this case with no reasonable likelihood of rehabilitation. Therefore, there is cause to dismiss the case.

9. The UST submits that dismissal is in the best interests of creditors. The debtor does not appear to have assets available for the payment of unsecured claims.

10. If the case is dismissed, the UST requests that the order dismissing the case provide for payment of any quarterly fees owed to the UST. 28 U.S.C. § 1930.

WHEREFORE, the UST prays that the Court enter an order dismissing the case and for any and all further relief as is equitable and just.

Respectfully submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7
Southern and Western Districts of Texas

By: /s/James W. Rose, Jr.
James W. Rose, Jr.
Trial Attorney
Texas Bar No. 17251900
615 E. Houston St., Room 533
San Antonio, TX 78205
(210) 472-4646
(210) 472-4649 Fax
James.Rose@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing MOTION OF THE UNITED STATES TRUSTEE DISMISS CASE, was served upon the parties on the attached service by United States Mail, first class, postage prepaid, and/or by electronic means for all Pacer system participants on this the 24th day of August, 2021.

/s/ James W. Rose, Jr.
James W. Rose, Jr.
Trial Attorney

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-3<br>Case 21-30285-hcm<br>Western District of Texas<br>El Paso<br>Tue Aug 24 07:54:54 CDT 2021 | JFAL Holding Company LLC<br>780 N Resler Drive, Suite B<br>El Paso, TX 79912-7196 | U.S. BANKRUPTCY COURT<br>511 E. San Antonio Ave., Rm. 444<br>EL PASO, TX 79901-2417 |
| Abilene Village LLC<br>c/o Paulo Flores<br>Peckar & Abramson, P.C.<br>8080 N. Central Expwy, #1600 LB 65<br>Dallas, TX 75206-1838 | Abilene Village, LLC<br>c/o Sean A. Gordon<br>Two Alliance Center<br>3560 Lenox Rd. NE, Suite 1600<br>Atlanta, GA 30326-4274 | Cain Developments Abilene LLC<br>c/o Charles C. Self, III<br>The Whitten Law Firm, P.C.<br>500 Chestnut St, Ste 1402<br>Abilene, TX 79602-1474 |
| Cain Developments Abilene, LLC<br>25003 Pitkin Road, Suite B 100<br>Spring, TX 77386-1472 | Canal Carlsbad Investment, LLC<br>c/o Randall L. Rouse<br>LYNCH, CHAPPELL & ALSUP<br>300 N. Marienfeld, Suite 700<br>Midland, TX 79701-4393 | City Bank<br>c/o Brad O'Dell<br>Mullin Hoard Brown<br>1500 Broadway Ste. 700<br>Lubbock, TX 79401-3169 |
| Dixson Family Trust<br>780 N. Resler, Ste B<br>El Paso, TX 79912-7196 | Internal Revenue Service<br>Special Procedures Staff - Insolvency<br>P. O. Box 7346<br>Philadelphia, PA 19101-7346 | Michael Dixson Trust<br>780 N. Resler, Ste B<br>El Paso, TX 79912-7196 |
| Moore, Brian<br>2817 E Clark Dr<br>Gilbert, AZ 85297-5271 | Pillar Abilene Village Investors LLC<br>c/o Paulo Flores<br>Peckar & Abramson, P.C.<br>8080 N. Central Expwy, #1600 LB 65<br>Dallas, TX 75206-1838 | Pillar Abilene Village, LLC<br>c/o Sean A. Gordon<br>Two Alliance Center<br>3560 Lenox Rd. NE, Suite 1600<br>Atlanta, GA 30326-4274 |
| Sean A. Gordon<br>Thompson Hine, LLP<br>Two Alliance Center<br>3560 Lenox Rd. NE, Suite 1600<br>Atlanta, GA 30326-4274 | United States Trustee - EP12<br>U.S. Trustee's Office<br>615 E. Houston, Suite 533<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 | White Sands Construction<br>1700 10TH STREET<br>Alamagordo, NM 88310-5049 |
| Jeff Carruth<br>Weycer Kaplan Pulaski & Zuber, P.C.<br>24 Greenway Plaza, #2050<br>Houston, TX 77046-2445 | End of Label Matrix<br>Mailable recipients    18<br>Bypassed recipients     0<br>Total                  18 | |